UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

JAMES L. BUCKNER,

     Petitioner,

  -against-

SUPERINTENDENT,

     Respondent.
_____X


FILED
IN CLERK'S OFFICE
U.S. DISTRICT C...
★ APR 2 0 2006
TIME A.M.

MEMORANDUM
AND ORDER
06-CV-1180 (SLT)

TOWNES, United States District Judge:

On March 10, 2006, petitioner filed this petition, *pro se*, seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging a 2003 conviction in New York Supreme Court, Kings County. The Court grants petitioner's request to proceed *in forma pauperis*. For the reasons set forth below, petitioner is directed to show cause why the petition should not be dismissed as premature.

A federal court has jurisdiction to hear a case under 28 U.S.C. § 2254 when a person in custody pursuant to a state court conviction applies for a writ of habeas corpus on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. A petitioner seeking to challenge his state conviction in federal court must first exhaust all his available state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A), (B)[1];

_____

[1]An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
 (A) the applicant has exhausted the remedies available in the courts of the State; or
 (B) (I) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A),(B).



see Keeney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992) (reaffirming that a state prisoner must exhaust state remedies before a writ of habeas corpus may be granted by a federal court). As the Supreme Court has stated, the exhaustion requirement in § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." Rose v. Lundy, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") specifically provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To satisfy the exhaustion requirement, the petitioner must have "fairly presented" his federal claim to the highest state court from which a decision can be had. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Grey v. Hoke, 933 F.2d 117 (2d Cir. 1991); Daye v. Attorney General, 696 F.2d 186, 190 n. 3 (2d Cir.1982).

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 appears to be premature under the AEDPA because he has not requested leave to appeal to the New York Court of Appeals, the highest state court.[2] Petitioner alleges he was convicted on

---

[2]In order to utilize all available avenues of appellate review within the state-court system before proceeding to federal court, the applicant typically must file a direct appeal to the highest court of the state. Daye, 696 F.2d at 190-91 n. 3. This requirement, however, also may be satisfied where the applicant has collaterally attacked the judgment of conviction within the state courts, and thereafter has appealed the denial of his application to the highest court of the state. Lloyd v. Walker, 771 F. Supp. 570, 574 (E.D.N.Y. 1991)

December 4, 2003. Petition at 1. The Appellate Division, Second Department, affirmed the conviction on November 14, 2005. See People v. Buckler, 262 A.D.2d 567 (2d Dept. 1999). While petitioner's petition for a writ of certiorari was denied by the United States Supreme Court on March 27, 2006, see Buckner v. United States, No. 05-9369, 2006 WL 460848, at *1, 74 USLW 3543 (March 27, 2006), the petition is silent as to whether petitioner sought leave to appeal the Appellate Division, Second Department decision to the New York Court of Appeals and, if such leave was requested, if a decision has been made. Thus, the Court requires further information in order to determine if the petition is premature.

**Conclusion**

Petitioner is hereby directed to show cause, within thirty days from the date of this Order, why the petition should not be dismissed as premature. In the affirmation, petitioner must provide the date he sought leave to appeal to the New York Court of Appeals, if applicable. He must also provide the date on which any decision was rendered by the New York Court of Appeals. No response to the petition shall be required at this time and all further proceedings shall be stayed for sixty days or until the petitioner has complied with this Order.

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
April 12, 2006

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X

JAMES L. BUCKNER,

                     Petitioner,

    -against-                                    PETITIONER'S
                                                  AFFIRMATION
SUPERINTENDENT,                              06-CV-1180 (SLT)


                     Respondent.

_____X


STATE OF _____ }
COUNTY OF _____ } SS:


        James L. Buckner makes the following affirmation under the penalties of perjury:

        I am the petitioner in this action and I respectfully submit this affirmation in response to

the Court's Order dated _____. The instant petition should not be dismissed as premature

because_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should not be permitted to proceed.


DATED: _____

_____
Signature


_____
Address


_____
City, State & Zip Code